IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| IRVING K. BIGELOW<br><br>    Plaintiff,<br><br>        vs.<br><br>STATE of UTAH et al.,<br><br>    Defendants, | REPORT & RECOMMENDATION<br><br>Judge Dale A. Kimball<br>Magistrate Judge Brooke C. Wells<br>Case No. 2:06-cv-516 DAK |

Plaintiff, Irving Karl Bigelow *pro se*, filed suit under 42 U.S.C. § 1985 against the State of Utah, District Judge John Paul Kennedy, Newton Ghbor a detective with the South Salt Lake Police Department (SSLPD), Carla Armstrong also a detective with SSLPD, Colleen Barrette an agent with the Office of Recovery Services and Thomas Arne. Bigelow alleges violations of his rights in connection with a child abuse investigation and the "false evidence"[1] that led to the removal of his son. Specifically, Bigelow claims violations of his right to fair and equal access, denial of counsel, and conspiracy to commit theft of a child.[2]

---

[1] Compl. p. 3.

[2] *Id.* p. 5-6.

Bigelow seeks a million dollars a day for every day his son is gone.[3]

Bigelow's complaint provides a detailed factual account of the background that Bigelow alleges gives rise to his complaint. Some of these details include, the coercion of Bigelow's son by Jamie Bigelow Plaintiff's "soon to be ex wife;"[4] the collecting of Bigelow's child support arrears;[5] a conspiracy involving herpes;[6] an altercation between Bigelow and his son;[7] and the details behind some interviews.[8]

Bigelow is proceeding under 28 U.S.C. § 1915 without prepayment of fees. Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[9] Pursuant to Rule 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

---

[3] *Id.* p. 7.

[4] *Id.* p. 4.

[5] *See id.*

[6] *See id.* p. 17.

[7] *See id.* p. 20-22.

[8] *See id.* p. 29-31

[9] 28 U.S.C. § 1915(e)(2)(B).

support of his claim which would entitle him to relief."[10]  In reviewing Bigelow's complaint, the court accepts all well-pleaded facts as true, construes them liberally, and draws all reasonable inferences in favor of Bigelow.[11]

As mentioned *supra*, Bigelow filed suit under 42 U.S.C. § 1985.  Section 1985 prohibits certain activities.  Section 1985(1) "makes unlawful actions of two or more persons that prevent officers of the United States from discharging their duties."[12]  This only applies when federal officers are somehow prevented from discharging their duty.[13]  Here, the court fails to find anything in Bigelow's complaint that relates to 1985(1) because there are no allegations that federal officers were prevented from discharging their duty.

Section 1985(2) prohibits a conspiracy to "deter . . . a party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein . . . ."[14]  In the instant case the court finds no violation of

---

[10] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also*, *Peterson v. Jensen*, 371 F. 1199, 1201 (10th Cir. 2004).

[11] *See Gonzales v. City of Castle Rock*, 366 F.3d 1093, 1096 (10th Cir. 2004), *rev'd on other grounds*, 125 S. Ct. 2796 (2005); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[12] *Gallegos v. Jicarilla Apace Nation*, 97 Fed. Appx. 806, **4 (10th Cir. 2003)

[13] *See id.*

[14] 42 U.S.C. § 1985(2).

1985(2).

Finally, section 1985(3) prohibits a conspiracy whereby two or more persons deprive another of their rights or privileges involving equal protection and due process. As has been stated by the Tenth Circuit, "Section 1985(3) does not create an independent cause of action. Instead, a plaintiff must 'point to independent substantive rights enforceable in the federal courts' to serve as a predicate violation."[15] Although Plaintiff attempts to make a colorable claim under 1985(3), the court finds that he fails to state a claim upon which any relief may be granted.

First, Bigelow has no constitutional right to counsel.[16] Second, Bigelow's facts behind his alleged conspiracy to commit theft of a child arise from circumstances surrounding proceedings in state court. And, as the Supreme Court has clearly stated, federal courts do not have authority to review, reverse or invalidate state court decisions.[17] Moreover, in a message left with the court on July 10th Bigelow informed this court of a hearing being held about his divorce on July 13th in state court. Bigelow further stated that the instant case in this court "is about what they are doing in [state] district court." A litigant

---

[15] *Gallegos*, 97 Fed. Appx. 806, **5, (quoting *Wheeler v. Swimmer*, 885 F.2d 259, 261 (10th Cir. 1987)).

[16] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[17] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

who is unhappy with the proceedings in state court - whether they are currently proceeding or have already concluded - cannot simply seek to relitigate their case in Federal Court.[18]  If District Judge John Paul Kennedy relied on false evidence to make a decision as Bigelow alleges, then Bigelow should raise this issue with the appropriate state court.

Next, Bigelow's fair and equal access claims also appear to arise from proceedings with the state court.  Thus, they are not reviewable by this court.

In sum, after a thorough review of Bigelow's complaint, the court fails to find any "independent substantive rights enforceable in the federal courts' to serve as a predicate violation"[19] for 1985(3).  Thus, Bigelow's complaint should be dismissed for failure to state a claim upon which relief may be granted.

Finally, given the court's recommendation, Bigelow's Motion for Service of Process should be DENIED.[20]

---

[18] *See* *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416.

[19] *Wheeler v. Swimmer*, 885 F.2d 259, 261 (10th Cir. 1987).

[20] Docket no. 5.

**RECOMMENDATION**

Bigelow'S complaint should be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 10th day of July, 2006.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge